**B. WILLIS, C.P.A., INC., Petitioner,**

v.

**SURFACE TRANSPORTATION BOARD and United States of America, Respondents,**

**322**

Public Service Company of Oklahoma d/b/a American Electric Power Company, Inc., and Burlington Northern and Santa Fe Railway Company, Intervenors.

No. 01–1441.

United States Court of Appeals, District of Columbia Circuit.

Nov. 26, 2002.

Rehearing Denied Jan. 10, 2003.

Before RANDOLPH and ROGERS, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This cause was considered on the record from the Surface Transportation Board and on the briefs filed by the parties and oral arguments of counsel. It is

ORDERED AND ADJUDGED that the petition for review be denied.

Under 42 U.S.C. § 10501, "the Board has jurisdiction over transportation by rail carrier," *id.* § 10501(a)(1); moreover, the Board's jurisdiction over "the construction ... of spur tracks ... is exclusive," *id.* § 10501(b)(2). A "rail carrier" is defined as "a person providing common carrier railroad transportation for compensation." *Id.* § 10102(5).

The Board argues that § 10501(a) is the only provision granting the Board jurisdiction, and that § 10501(b) does not expand the Board's jurisdiction, but only renders the jurisdiction granted in § 10501(a) exclusive. Under this interpretation, which the Board made explicitly only at oral argument, the Board has jurisdiction only over common carrier track. *See Hanson Natural Resources Co.,* STB Financial

Docket No. 32248, 1994 WL 673712 (Nov. 15, 1994). Willis contends that § 10501(b)(2) confers upon the Board jurisdiction over all track, regardless whether it is used for private or common carriage. This interpretation is implausible on its face, and the Board, in determining that it has no jurisdiction over private tracks, has rejected it. *See Oklahoma Natural Gas Co. v. FERC,* 28 F.3d 1281, 1284 (D.C.Cir. 1994). We therefore agree that the Board does not have jurisdiction over this dispute.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.